UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICKIE HILL,

    Plaintiff

v.

FRANK LOPEZ, et al.,

    Defendants

Case No.: 2:20-cv-01808-APG-VCF

**Order**

Plaintiff Rickie Hill is in the custody of the Nevada Department of Corrections (NDOC). He has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. ECF Nos. 1, 1-1. I will temporarily defer the matter of the filing fee. I now screen Hill's complaint under 28 U.S.C. § 1915A.

**I. SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    SCREENING OF COMPLAINT**

Hill sues Frank Lopez for events that allegedly took place while he was incarcerated at High Desert State Prison (HDSP). He brings a retaliation claim and seeks damages and injunctive relief.

The Complaint alleges the following: The prison's store staff generally does the following when delivering canteen items to prisoners: 1) place canteen brown bags in front of prisoners' cells; 2) count them; 3) have the correctional officers open tray slots; 3) hand the bags to the prisoners; and 5) close the cell tray slots to indicate that the transaction is complete. On or

about September 24, 2020, it was canteen/store day in Unit 6A/B at HDSP. Lopez watched a canteen worker finish giving inmate Heldon Jones in 6a-7 his store products and close the stay slot. Lopez stepped in and said "No leave my boys tray slot open." Hill thought that Lopez then went to open other tray slots upstairs, but Lopez actually went upstairs just to stand in front of a cell and gave Jones the thumbs up. Jones stuck his arm out of his tray slot and slapped a Honeybun with his feces on Hill's cell door. Lopez then came down and went right to Jones's cell to lock it and took the Honeybun off Hill's tray slot and threw it on the ground. Hill asserts that "this was intentional" to force Hill to volunteer to move out of the unit, and he concludes that this was retaliation by Lopez because Hill had sued him. According to the exhibit Hill has attached to the Complaint, Hill had filed an action against Lopez in this court on September 21, 2020.[1] Hill previously was convicted of sex-related charges. Jones did not know that until Lopez told him about it on September 18, 2020. Hill concludes that his First Amendment rights were violated.

To state a viable First Amendment retaliation claim, a plaintiff must allege facts sufficient to show: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-69.

---

[1] I take notice of the records in this court and note that the complaint in that case has not been served.

4

Thus, to state a retaliation claim, the plaintiff must allege facts sufficient to show that the particular defendant engaged in adverse conduct. *Id.* at 567. Furthermore, the plaintiff must allege facts sufficient to show that the particular defendant was aware of the protected conduct and that the protected conduct provided that particular defendant with a retaliatory motive causing the defendant to engage in retaliatory adverse conduct; mere speculation is insufficient. *Pratt v. Rowland*, 65 F.3d 802, 808–09 (9th Cir. 1995). Timing may sometimes provide some circumstantial evidence of retaliatory intent when adverse conduct takes place shortly after the plaintiff engages in protected conduct. *See Bruce v Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2000) (suspect timing of adverse conduct soon after protected conduct, combined with statements by defendants and evidence of pretext created triable issue of fact concerning retaliatory motive). However, there must be something more than such timing to show retaliatory intent; retaliation is <u>not</u> established simply by showing adverse activity after the occurrence of protected speech, but rather a plaintiff must show a connection between the two events. *Husky v. City of San Jose,* 204 F.3d 893, 899 (9th Cir. 2000); *Pratt,* 65 F.3d at 808 ("suspect timing" of inmate's transfer to different prison, without more, insufficient to support inference that the transfer was done in retaliation for inmate's exercise of First Amendment rights); *Phillippi v. Patterson*, 599 F. App'x 288, 289 (9th Cir. 2015); *Rupe v. Beard*, No. CV-08-2454-EFS PC, 2013 WL 6859278, at *7 (E.D. Cal. Dec. 24, 2013). Moreover, the plaintiff bears the burden of pleading the absence of legitimate correctional goals for the conduct of which he complains. *Pratt*, 65 F.3d at 806. In addition, retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'" *Id*. at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).

Hill fails to state a colorable retaliation claim. Although he alleges that he filed a lawsuit, which is protected conduct, he does not allege facts sufficient to show that Lopez even knew about the lawsuit Hill had filed. Hill therefore necessarily has not alleged facts sufficient to show that Lopez took any adverse and chilling action because of the lawsuit. I therefore dismiss the retaliation claim without prejudice. If Hill chooses to amend this claim, he must allege true facts sufficient to show that Lopez knew of the lawsuit and took specified actions adverse and chilling action because of the lawsuit.

I grant Hill leave to file an amended complaint to cure the deficiencies of the complaint. If he chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Hill should file the amended complaint on this court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." Hill may not amend the complaint to add unrelated claims against other defendants. Furthermore, an amended complaint does not include new claims based on events that have taken place since the original complaint was filed.

If Hill chooses to file an amended complaint curing the deficiencies as outlined in this order, he must file the amended complaint **by July 30, 2021**. If Hill does not file an amended complaint curing the stated deficiencies by then, this action will be dismissed.

### III. CONCLUSION

I therefore order that a decision on Hill's application to proceed *in forma pauperis* (ECF No. 1) is deferred.

I further order the Clerk of the Court to file the complaint (ECF No. 1-1) and send Hill a courtesy copy of the complaint.

I further order that the complaint is dismissed without prejudice and with leave to amend.

I further order that, if Hill chooses to file an amended complaint curing the deficiencies of his complaint as outlined in this order, Hill shall file the amended complaint **by July 30, 2021**.

I further order the Clerk of the Court to send to Hill the approved form for filing a § 1983 complaint and instructions for the same. If Hill chooses to file an amended complaint, he should use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I further order that, if Hill fails to file a timely amended complaint curing the stated deficiencies of the complaint, this action shall be dismissed.

Dated: June 29, 2021

_____
U.S. District Judge